| | |
|---|---|
| DISTRICT COURT, DENVER COUNTY, STATE OF COLORADO<br>520 West Colfax Avenue<br>Denver, CO 80204 | DATE FILED: October 27, 2022 10:40 AM<br>FILING ID: A6DE42A9932AD<br>CASE NUMBER: 2022CV33093 |
| Plaintiff:  **ALVA BARNES**<br><br>v.<br><br>Defendant:   **DILLON COMPANIES, INC., a Foreign Corporation, d/b/a KING SOOPERS, INC., THE KROGER COMPANY, a Foreign Corporation d/b/a KING SOOPERS, INC., AND KING SOOPERS, INC.** | **COURT USE ONLY** |
| *Counsel for Plaintiff*:<br>Jordan S. Levine, Esq., No. 23877<br>Andrew J. Phillips, Esq., No. 40283<br>Sarah G. Freedman, Esq., No. 48356<br>Elizabeth R. Fisher, Esq., No. 51093<br>4500 Cherry Creek Drive South, Suite 400<br>Denver, CO  80246<br>Phone Number: (303) 333-8000<br>Fax Number:    (303) 333-8005<br>Emails:        jordan@levlawllc.com<br>                     andrew@levlawllc.com<br>                     sarah@levlawllc.com<br>                     elizabeth@levlawllc.com | Case Number:<br><br>Courtroom: |
| **COMPLAINT AND JURY DEMAND** ||

COMES NOW, Plaintiff, Alva Barnes, by and through her counsel, Levine Law, L.L.C., and for her Complaint and Jury Demand against Defendants, Dillon Companies, Inc., a Foreign Corporation d/b/a King Soopers, Inc., The Kroger Company, a Foreign Corporation, d/b/a King Soopers, Inc. and King Soopers, Inc. states and alleges as follows:

### INTRODUCTORY ALLEGATIONS

1. Plaintiff, Alva Barnes, (hereinafter referred to as "Plaintiff" or "Plaintiff Barnes"), is an individual and at all times relevant to resides at 4325 Carson Street #303, Denver, CO 80239.

**EXHIBIT A**

2. Defendant, Dillon Companies, Inc., a Foreign Corporation d/b/a King Soopers, Inc. (hereinafter "Defendant Dillon Companies"), is a for profit corporation organized under the laws of the State of Colorado and actively doing business under the trade name King Soopers, Inc. in the City of Denver, County of Denver, State of Colorado with an address of 18605 Green Valley Ranch Boulevard, Denver, CO 80249.

3. Defendant, The Kroger Company, a Foreign Corporation d/b/a King Soopers, Inc. (hereinafter "Defendant Kroger"), is a for profit corporation organized under the laws of the State of Colorado and actively doing business under the trade name King Soopers, Inc. in the City of Denver, County of Denver, State of Colorado with an address of 18605 Green Valley Ranch Boulevard, Denver, CO 80249.

4. Defendant, King Soopers, Inc. (hereinafter referred to as "King Soopers") is a for profit corporation organized under the laws of the State of Colorado and actively doing business in the City of Denver, County of Denver, State of Colorado and is the registered owner of the store located at 18605 Green Valley Ranch Boulevard, Denver, CO 80249.

5. Defendants may at times be referred jointly hereafter as "Defendants".

6. Subject matter jurisdiction is proper in this Court as the probable amount of recovery exceeds the county court limitation pursuant to the Colorado Revised Statutes.

7. Personal jurisdiction is proper in this Court as the accident occurred in Denver County, Colorado.

8. Venue is proper in this Court pursuant to C.R.C.P. 98(c), as the accident occurred in Denver County, Colorado.

## FACTUAL STATEMENT

9. Plaintiff incorporates Paragraphs 1 through 8 above as though fully set forth herein.

10. Plaintiff was a "business invitee" of the Defendant King Soopers located at 18605 Green Valley Ranch Boulevard, Denver, CO 80249 when she was injured in a slip and fall incident.

11. On or about September 16, 2021, in Denver County, Plaintiff was a customer shopping at King Soopers located at 18605 Green Valley Ranch Boulevard. When Plaintiff reached the self-checkout location, she slipped on water and fell hard to the ground. Plaintiff noticed water and a water jug on the ground next to her.

12. As a result of the September 16, 2021, incident, Plaintiff suffered injuries, damages, and losses.

13. The incident caused injury to Plaintiff including, but not limited to left shoulder pain, left hip pain, a fractured left hand and surgery to her wrist with hardware.

14. Plaintiff was unaware of the water on the ground or the dangerous conditions until she slipped and fell on the water.

15. At no time prior to this incident, was Plaintiff warned that a potentially unreasonably dangerous condition existed.

16. Defendants knew or should have known of the unreasonably dangerous condition, prior to Plaintiff sustaining injuries.

17. Defendants, collectively or individually, acted negligently and without regard for the safety of others, allowed a known, unnatural and dangerous condition to exist in the store, creating a dangerous condition and hazard to Plaintiff and others.

18. Defendants failed to clean up the water, or place cones or warning signs near the water, warning "invitees" of the unreasonably dangerous and hazardous condition.

19. Defendants, through their representatives, agents, contractors, and/or employees failed to use reasonable care to protect Plaintiff against the unreasonably dangerous conditions and this failure was the cause of Plaintiff's injuries and related damages. As stated herein, Defendants breached said duty to the Plaintiff and Defendants are directly and vicariously liable for their actions and inactions.

20. As a direct and proximate result or substantial factor of Defendants' actions and/or omissions, the water on the ground caused Plaintiff to slip and fall, which resulted in serious injuries to Plaintiff.

21. As a direct and proximate result of this incident, Plaintiff suffered permanent physical impairment.

22. As a direct and proximate result of this incident, Plaintiff suffered permanent physical disfigurement.

23. As a direct and proximate result of this incident Plaintiff suffered permanent physical disability.

## FIRST CLAIM FOR RELIEF
*(Premises Liability - C.R.S. § 13-21-115)*

24. Plaintiff incorporates Paragraphs 1 through 18 above as though fully set forth herein.

25. Defendants are "landowners" within the meaning of C.R.S. §13-21-115(1).

26. It was Defendants express representation that the public, including Plaintiff, was requested, expected or intended to enter or remain upon its premises.

27. The time and place of the incident indicated above, Plaintiff was a "business invitee" of Defendants, which on information and belief, had common-law and contractual duties to Plaintiff either directly or indirectly as a third-party beneficiary between Defendants to allow Plaintiff to enter and transact business through a safe and non-hazardous premises. It was Defendants' express representation that the public was requested, expected or intended to enter or remain upon such premises.

28. At the time and place of the incident indicated above, Defendants, as statutory or actual "landowners" were legally responsible for the condition of the real property, as well as for the activities conducted or circumstances existing on the aforementioned real property within the meaning of C.R.S. Section 13-21-115(1), and Plaintiff was an "invitee," of Defendants as she was a person who entered or remained on or near the premises to transact business in which the parties were mutually interested, within the meaning of C.R.S. Section 13-21-115(c).

29. Defendants are directly or imputably liable to Plaintiff as a "business invitee," for damages and injuries sustained by the Plaintiff and caused by the unreasonable failure to exercise reasonable care to protect against dangers of which were known or should have been known pursuant to C.R.S. Section 13-21-115(3).

30. Defendants violated C.R.S. §13-21-115, which adopts as a legal standard of care local, county, municipal, state and federal standards, are directly or imputably liable to Plaintiff as a business invitee, for damages and injuries she sustained, which were caused by Defendants for the unreasonable failure to exercise reasonable care to protect against dangers of which were known or should have been known pursuant to C.R.S. Section 13-21-115(3).

31. Defendants, as a direct and proximate result or substantial factor in bringing or causing Plaintiff's injuries as described above, are liable for their actions and for Plaintiff's medical care, economic damages including loss of income, and non-economic damages including but not limited to, loss of enjoyment of life, extreme pain and suffering and emotional distress, all in amounts to be proven at trial.

32. Prior to and leading up to the time when Plaintiff was injured, Defendants failed to exercise reasonable care to protect against dangers of which they knew or should have known.

33. Defendants failed to warn individuals, including trespassers, licensees and/or invitees, of the potentially dangerous condition presented by the water puddle on the property owned and/or maintained and used by Defendants in, on and around the areas where Plaintiff was injured.

34. Defendants had actual knowledge of the unreasonably dangerous condition and failed to take appropriate abatement measures to protect business invitees from the known dangerous condition on the common area owned and/or maintained and/or used by Defendants where Plaintiff was injured.

35. At the time of the incident and at all other times relevant hereto, Defendants owned and/or controlled and/or leased and/or were responsible for maintenance and/or conducted activities on the common area where Plaintiff was injured.

36. At the time of the incident and at all other times relevant hereto, a condition existed on the premises, which created an unreasonable risk of injury and/or damages to persons such as Plaintiff.

37. As a further direct and proximate result or substantial factor of Defendants' negligence as indicated in the paragraphs above, Plaintiff has suffered loss of enjoyment of life and impairment of the quality of life.

38. As a further direct and proximate result or substantial factor of Defendants' negligence as indicated in the paragraphs above, Plaintiff has been informed and believes that she has suffered permanent impairment and/or permanent disfigurement and/or permanent disability.

39. Due to Defendants' failure to take reasonable steps to protect invitees on its property, Plaintiff suffered injuries, damages and losses.

40. The conduct of Defendants was/were an unreasonable failure to exercise reasonable care to protect against dangers of which they knew or should have known as contemplated by C.R.S. § 13-21-115. As a result of Defendants' negligence, careless conduct, and acts and omissions, Plaintiff has sustained severe injuries. Said injuries are of a permanent nature and which have caused Plaintiff great pain, suffering, discomfort, and emotional distress, and which will continue to cause Plaintiff great pain, suffering, discomfort, and emotional distress.

41. Plaintiff incurred physical injuries including, but not limited to, left hip pain, left shoulder pain and fractured left hand, as well as the loss of ability to enjoy life as she did before the incident and emotional distress.

42. All damages to Plaintiff are in the past, present and future whether so specifically delineated in each paragraph or not.

43. Plaintiff, at all relevant times, relative hereto, was not liable for comparative contributory negligence and she has reasonably mitigated her damages.

**WHEREFORE**, Plaintiff prays for the relief set forth below.

## SECOND CLAIM FOR RELIEF
### (In the Alternative, if Defendants are Not a "Landowner" Under C.R.S. §13-21-115 Then Negligence as a Matter of Fact)

44. Plaintiff hereby reaffirms, realleges and incorporates each and every allegation contained in paragraphs 1 through 43 above, as if set forth verbatim herein.

45. Defendants owed and breached their duties to Plaintiff to maintain their property as reasonably prudent landowners and occupiers in a reasonably safe and prudent condition free from dangers or hazardous conditions. As a direct and proximate result or substantial factor of Defendants' acts and omissions or those of Defendants to act in accordance with Colorado Safety Standards, with the Plaintiff being in the class of individuals to be protected by the standards in effect at the time of the building of the premises. Plaintiff suffered severe personal injury, including temporary disability, which cause extreme physical, mental, and emotional pain, and suffering.

46. Defendants had duties to comply with the above-referenced applicable standards of care and given their conduct as described above, Defendants breached or failed to meet the applicable standards of care and their actions and inactions are the direct and proximate cause or substantial factor therefore in causing the injuries and damages as more fully set forth in the Claim for Relief above.

47. Defendants and/or their agents, had a duty to maintain and administer the common areas along with, *inter alia*, the walkway inside the premises, and surrounding areas in order that dangerous conditions, such as those present at the time of the incident, did not occur.

48. Defendants and/or their agents breached their duties to Plaintiff.

49. As a result of the Defendants and/or their agents' breach of the duties to Plaintiff, and as a result of the incident, Plaintiff has suffered injuries, damages and losses.

50. By failing to properly maintain the area where Plaintiff slipped and fell, Defendants failed to act in a manner in which a reasonably careful person and/or entity under the same or similar circumstances would act in order to protect oneself or others from bodily injury and/or property damage.

51. By failing to act as a reasonably and carefully person and/or entity under the same of similar circumstances, and by failing to maintain the walkway inside the premises, owned and/or maintained and/or used by Defendants, Defendants were negligent.

52. Defendants are directly imputably liable to Plaintiff for Defendants' negligence and premises liability as described in the Firm Claim of Relief above. Said negligence and premises liability negligence may be proven as follows:

6

     a. Plaintiff's injuries and damages, and the surrounding circumstances, as described above, were not the kind which ordinarily would occur in the absence of negligence and premises liability negligence;

     b. Given the evidence to be demonstrated before this Court, there are no other responsible causes for Plaintiff's injuries and damages, including the conduct of Plaintiff; and,

     c. The indicated premises liability and/or negligence are within the scope of Defendants' duties to Plaintiff as described above.

53. All damages to Plaintiff are in the past, present and future whether so specifically delineated in each paragraph or not.

54. Plaintiff, at all relative times, was not liable for comparative-contributory negligence and she has reasonably mitigated her damages.

55. All of the Defendants named herein are pro-rata share responsible for Plaintiff's injuries, and related damages and losses.

**WHEREFORE**, Plaintiff prays for the relief set forth below.

## **PRAYER FOR RELIEF**

**WHEREFORE**, on account of the matters set forth in her Claims for Relief, Plaintiff, Alva Barnes, prays for a judgment in her favor and against Defendants, in an amount which will fully compensate her for her injuries and damages in the past, present and future, including for past, present and future medical expenses, for past, present and future pain and suffering, for personal injuries, for emotional distress, for loss of the ability to enjoy life as she did before the accident, permanent physical injuries and for other non-economic damages, for interest on such sums as is provided by law, for expert witness fees, costs and for such other and further relief as to this Court appears proper in the premises.

## **JURY DEMAND**

Plaintiff demands a trial by jury.

Respectfully submitted this 27th day of October, 2022.

                                            LEVINE LAW, L.L.C.

                                            *s/ Andrew J. Phillips*

Jordan Levine, No. 23877
Andrew J. Phillips, No. 40283
Sarah G. Freedman, No. 48356
Elizabeth R. Fisher, No. 51093
***Attorneys for Plaintiff***

Plaintiff Barnes's Address:

4325 Carson Street, #303
Denver, CO 80239

8